```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

JOHN WILBORN,
      Petitioner,


      v.                                CIVIL ACTION NO.
                                        15-12827-RGS
KELLY RYAN,
      Respondent.
```

**MEMORANDUM AND ORDER RE:
MOTION FOR AUTOPSY REPORT (DOCKET ENTRY # 37);
MOTION FOR PICTURES (DOCKET ENTRY # 39); MOTION
TO ENFORCE COURT ORDER (DOCKET ENTRY # 38);
MOTION FOR COURT ORDER TO PRODUCE BANK
VIDEO AND PHOTOGRAPHIC MATERIAL
(DOCKET ENTRY # 23)**

**March 23, 2016**

**BOWLER, U.S.M.J.**

Petitioner John Wilborn ("petitioner"), convicted of first degree murder, kidnapping and rape, requests that respondent Kelly Ryan ("respondent") produce a copy of an autopsy report (Docket Entry # 37) and "pictures of the crime scene" (Docket Entry # 39). Respondent did not include a copy of the autopsy report or the photographs in a two-volume addendum containing relevant documents from state court proceedings. (Docket Entry ## 34, 35). Petitioner additionally seeks to enforce a December 29, 2015 Order (Docket Entry # 20) requiring respondent to produce transcripts of a probable cause hearing. (Docket Entry # 38). Petitioner also requests a court order requiring respondent to produce a bank video and bank photographs. (Docket Entry # 23).

I.  <u>Autopsy Report</u>

Petitioner initially sought the autopsy report in an August 2009 pro se motion filed in Massachusetts Superior Court (Essex County) ("the trial court"). (Docket Entry # 34, Add. 11). The trial court denied the motion as well as a second and third motion to obtain the report. (Docket Entry # 34, Add. 12-14, Nos. 142, 150 and 6/25/14 Entry).

In November 2015, the court ordered respondent to file an answer "or other proper responsive pleading" under Rule 4 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254 ("the Rules"). (Docket Entry # 11). Respondent complied by filing a motion to dismiss seeking dismissal on the basis of a procedural default and untimeliness. (Docket Entry # 28). Petitioner argues that he needs the autopsy report to establish his actual innocence, which respondent argues is lacking as a means to avoid the procedural default (Docket Entry # 29). (Docket Entry # 37). Petitioner additionally maintains that the report will establish the ineffectiveness of his trial and appellate court counsel thereby, presumably, establishing cause for the procedural default asserted by respondent.[1]  (Docket Entry # 27, pp. 4-5).

---

[1] In order to establish cause to avoid a procedural default, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986). "One factor accepted as cause is ineffective assistance of counsel at a level which violates the Sixth Amendment." <u>Gunter v. Maloney</u>, 291 F.3d 74, 81 (1st Cir. 2002).

DISCUSSION

Rule 5 of the Rules ("Rule 5") requires respondent to file certain state court transcripts, briefs and opinions in conjunction with filing an answer to the petition. Rule 5(c), (d), 28 U.S.C. foll. § 2254. The rule does not expressly encompass production of state court exhibits. More importantly, Rule 5 does not apply because, in accordance with the November 2015 Order (Docket Entry # 11), respondent filed a responsive pleading under Rule 4 of the Rules ("Rule 4") in lieu of an answer under Rule 5. See Advisory Committee Notes, Rule 5, 2004 Amendments (Rule 4 permits practice "where respondent files a pre-answer motion to dismiss"). Rule 4, in turn, allows respondent to file a motion to dismiss and does not expressly mandate production of exhibits filed in state court such as an autopsy report. See Advisory Committee Notes, Rule 4, 1976 Adoption (explaining that Rule 4 allows habeas judge "to authorize respondent to make a motion to dismiss based o information furnished by respondent").

Rule 6 of the Rules ("Rule 6") provides that, "A judge may, for *good cause*, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6, 28 U.S.C. foll. § 2254 (emphasis added). In order to show "'good cause,'" a petitioner "must present 'specific allegations that give a court reason to believe that

3

the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief.'" Donald v. Spencer, 656 F.3d 14, 16 (1st Cir. 2011) (ellipses omitted). Although the autopsy report is presumably included in the state court record that respondent has not produced, Rule 6 "discovery" nonetheless provides petitioner a means to obtain the report. See, e.g., Harris v. Wenerowicz, 2012 WL 6965233, at *4 n.4 (E.D.Pa. May 22, 2012) (considering request for "numerous pleadings from the state court record" as governed by Rule 6), report and recommendation adopted, 2013 WL 373165 (E.D.Pa. Jan. 31, 2013); Kingery v. Dretke, 2006 WL 1441925, at *23 (S.D.Tex. May 23, 2006) (same).

    Here, petitioner fails to show good cause because, except for generalized allegations of destruction of evidence, he does not explain in the motion (Docket Entry # 37) or in the further response (Docket Entry # 42) how the autopsy report would entitle him to habeas relief and avoid dismissal by establishing actual innocence or ineffective assistance of counsel under the Sixth Amendment. See Donald v. Spencer, 656 F.3d at 16; see also Teti v. Bender, 507 F.3d 50, 60 (1st Cir. 2007) ("habeas proceeding is not a fishing expedition"). The First Circuit in Teti denied a discovery request under Rule 6 because it was "generalized and [did] not indicate exactly what information he seeks to obtain." Id. Here, although petitioner identifies what he seeks to obtain (the autopsy report), he does not articulate the reasons why it

would show ineffective assistance or actual innocence even though petitioner had the report as late as December 1994 and therefore knew its contents.[2]  See Donald v. Spencer, 656 F.3d at 18 (denying Rule 6 motion and explaining that petitioner "cites no facts upon which to base a conclusion that new DNA evidence will exonerate him").

Furthermore, the December 1994 Memorandum and Order rejected various ineffective assistance of counsel claims.  (Docket Entry # 19-3, pp. 20, 25-29, 33, Civil Action No. 11-11797-DJC).[3] Independently reviewing the state court record and for reasons stated in the Memorandum and Order relative to ineffective assistance, the autopsy report does not merit production under Rule 6 even if petitioner's allegations were specific.

Separately, this court declines to expand the record to include the report under Rule 7 of the Rules ("Rule 7").[4]  This

---

[2]  A December 1994 Memorandum and Order by the trial court denying petitioner's fourth motion for a new trial quotes portions of the autopsy report from petitioner's brief.  (Docket Entry # 19-3, Civil Action No. 11-11797-DJC).  This court takes judicial notice of the Memorandum and Order, which was filed in a related civil rights action in this district, Wilborn v. Attorney General Martha Coakley, et al., Civil Action No. 11-11797-DJC.

[3]  Page numbers refer to the docketed page numbers.

[4]  Rule 7 provides that, "If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition."  Rule 7, 28 U.S.C. foll. § 2254.  Here, the court did not dismiss the petition upon its initial review under Rule 4 and, instead, ordered respondent to file an answer or other responsive pleading.  See also Rule 4, 28 U.S.C. foll. § 2254 (broadly

court will, however, expand the record to include the following documents if they still exist at the applicable court: (1) the March 1994 fourth motion for a new trial[5] and/or any supporting memorandum filed by petitioner; and (2) a complete copy of the Massachusetts Supreme Judicial Court ("SJC") docket for SJC-09547.[6]

II. <u>Photographs</u>

Petitioner next requests production of photographs of the crime scene, including pictures of decedent's body across the threshold of a doorway. (Docket Entry ## 39, 42). In opposing the motion to dismiss, petitioner elucidates that, "[N]one of the pictures shows the body on its back while its on the threshold" as opposed to its right side. (Docket Entry # 36, p. 4) (apostrophes omitted). The pictures therefore contradict witness testimony that the body was on its back in a back bedroom, according to petitioner. (Docket Entry # 36, p. 4).

Construing the motion as a request for discovery under Rule

---

stating that the judge can "take other action" thus encompassing ability to order production of additional state court records).

[5]   The filing date is taken from a state court filing by the Commonwealth summarizing the procedural history of petitioner's motions for a new trial because the trial court's docket does not refer to the fourth new trial motion. (Docket Entry # 34, Add. 51-54).

[6]   The dockets in the record (Docket Entry # 35, Add. 1, 14-15) do not include the more recent docket entries (Docket Entry # 35, Add. 40).

6

6, this court has the "discretion to grant" such "discovery for 'good cause.'" Teti v. Bender, 507 F.3d at 60. Petitioner fails to show good cause because he does not provide specific allegations regarding the reasons why production would entitle him to habeas relief on the basis of actual innocence to refute the procedural default asserted by respondent (Docket Entry # 29) or on the basis of ineffective assistance of counsel to establish cause for the asserted procedural default. See Donald v. Spencer, 656 F.3d at 16 (to show "'good cause'" Donald "must present 'specific allegations'" demonstrating entitlement to habeas relief). In any event, as to the latter, trial counsel made a strategic decision to focus on a defense that decedent's wife murdered her husband as opposed to the discrepancy, if any, in testimony regarding the position of the body. Separately, this court declines to expand the record to include the photographs under Rule 7 of the Rules.

III. Production of Transcripts

In February 2016, petitioner filed the motion to enforce the December 2015 Order that required respondent to produce transcripts of a November 26, 1976 probable cause hearing "from Lynn District Court" (Docket Entry # 20). (Docket Entry # 38). The transcripts consist of five volumes, according to petitioner's trial counsel. (Docket Entry 19-1).

Because the hearing took place 40 years ago, it is not

apparent that the transcripts still exist at the court. Respondent is therefore directed to inform this court on or before April 6, 2016 whether the November 1976 transcripts still exist at the court. The Order required production "from [the] Lynn District Court" and, accordingly, production is not required if the Lynn Division of the Massachusetts District Court Department does not have the transcripts.

It is also worth noting that the Order allowed a motion in which petitioner sought production under Rule 5(c). Rule 5(c) addresses the contents of an answer and the inclusion of transcripts respondent considers relevant. See Rule 5, 28 U.S.C. foll. § 2254. As noted above, respondent properly filed a motion to dismiss under Rule 4 as opposed to an answer under Rule 5. Petitioner also filed a number of motions in the trial court and the SJC seeking production of the transcripts of the probable cause hearing, all without success.

IV.   Bank Video and Photographs

As a final matter, petitioner requests a court order requiring respondent to produce the bank video and the bank photographs. (Docket Entry # 23). The state court records in the two-volume addendum do not contain either the video or the photographs.

Placing the material in context, the facts show that on October 4, 1976, decedent's wife "was awakened by a loud noise

and gasping sounds. She ran across the hall, where she found her husband lying in the doorway of the back bedroom, and the defendant bending over him, pulling a large knife from her husband's body." Commonwealth v. Wilborne, 415 N.E.2d 192, 195 (Mass. 1981). Petitioner then took decedent's "wife to her bedroom and proceeded to assault her sexually throughout the remainder of the night. The next morning the defendant forced her to pack some things, load her car, and take him to a bank to get money deposited there by [decedent] and his wife." Id.

As a request for discovery, petitioner fails to show good cause. See Donald v. Spencer, 656 F.3d at 16 (defining "good cause"); Teti v. Bender, 507 F.3d at 60. A state court's findings of fact are presumed correct, 28 U.S.C. § 2254(e)(1), and those facts establish that petitioner went to the bank with decedent's wife to withdraw the money and then fled the scene when she told a woman that, "'This man murdered my husband.'" Commonwealth v. Wilborn, 415 N.E.2d at 195. Petitioner's assertion that the bank video and the bank photographs would show petitioner was "not in the video" or not at the bank thereby establishing actual innocence does not provide a sufficient reason to believe that the 40-year old video and photographs still exist and, in light of the wife's testimony and the SJC's factual findings, a sufficient reason to believe that petitioner can demonstrate entitlement to habeas relief. See Arthur v.

9

Allen, 459 F.3d 1310, 1311 (11th Cir. 2006) ("good cause for [habeas] discovery cannot arise from mere speculation"). At present, petitioner's entitlement to habeas relief turns on his ability to refute the procedural default and untimeliness asserted by respondent in the pending motion to dismiss. In addition, any such video or photographs would only be relevant to an actual innocence showing regarding the rape and kidnaping convictions as opposed to the murder conviction inasmuch as the murder took place well before petitioner went to the bank with the decedent's wife.[7]

## CONCLUSION

In accordance with the foregoing discussion, the motion for the autopsy report (Docket Entry # 37), the motion for pictures of the crime scene (Docket Entry # 39) and the motion for a court order (Docket Entry # 23) are **DENIED**. The motion to enforce (Docket Entry # 38) is **DENIED** without prejudice. Respondent is instructed to inform this court on or before April 6, 2016 whether the November 1976 transcripts still exist at the Lynn Division of the Massachusetts District Court Department. Petitioner may renew the motion after April 6, 2016 in the event the transcripts exist at that court. On or before April 6, 2016,

---

[7] At best, the video might show that decedent's wife did not talk to the woman thus impeaching the wife's statement that, "'This man murdered my husband.'" Commonwealth v. Wilborn, 415 N.E.2d at 195. In light of the facts found by the SJC, such a showing does not demonstrate an entitlement to habeas relief.

respondent is also directed to file the following documents if they still exist at the applicable court: (1) petitioner's March 1994 fourth motion for a new trial and/or any supporting memorandum; and (2) a complete copy of the docket for SJC-09547.

                                                       /s/ Marianne B. Bowler
                                                       **MARIANNE B. BOWLER**
                                                       United States Magistrate Judge