UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN WILBORN,
    Petitioner,

v.

KELLY RYAN,
    Respondent.

CIVIL ACTION NO.
15-12827-RGS

**MEMORANDUM AND ORDER RE:**
**RENEWED MOTION FOR APPOINTMENT OF COUNSEL**
**(DOCKET ENTRY # 57)**

**April 19, 2016**

**BOWLER, U.S.M.J.**

    Petitioner John Wilborn ("petitioner") is seeking appointment of counsel in the above styled petition for a writ of habeas corpus filed under 28 U.S.C. § 2554. (Docket Entry # 57). Having paid the filing fee, he is not proceeding in forma pauperis.

    On November 4, 2015, the court denied petitioner's first motion for appointment of counsel reasoning, in part, as follows:

> [A]t this stage of the litigation, the court does not find that he has met his burden of demonstrating that the legal issues are "especially complex" or beyond Wilborn's comprehension. Id. Accordingly, the court will not appoint Wilborn a lawyer at taxpayer cost or direct a lawyer to provide him pro bono services in this case.

(Docket Entry # 12) (citing DesRosiers v. Moran, 949 F.2d 15, 23-24 (1st Cir. 1991)).

## DISCUSSION

    There is no constitutional right to appointment of counsel beyond the direct appeal of a criminal conviction. Swazo v.

<u>Wyoming Department of Corrections State Penitentiary Warden</u>, 23 F.3d 332, 333 (10th Cir. 1994); see <u>DesRosiers v. Moran</u>, 949 F.2d at 23 ("[t]here is no absolute constitutional right to a free lawyer in a civil case"); see also <u>Morin v. State of Rhode Island</u>, 741 F.Supp. 32, 36 (D.R.I. 1990) (constitution does not mandate representation after trial and first appeal). Rather, appointment of counsel in a collateral attack on a criminal conviction is discretionary. See <u>Jackson v. Coalter</u>, 337 F.3d 74, 77 n.2 (1st Cir. 2003) (because "motion amounted to a collateral attack on a final judgment of conviction, the petitioner was not entitled as of right to court-appointed counsel in connection with it"); <u>Forte v. Commissioner of Corrections</u>, 2015 WL 5684085, at *1 (D.Mass. Sept. 28, 2015) (recognizing, in habeas proceeding under 28 U.S.C. § 2254, that "[t]here is no constitutional right to counsel in civil cases"). Under 28 U.S.C. § 1915(e)(1), however, "the court 'may request an attorney to represent any person unable to afford counsel.'" <u>Feijoo v. Massachusetts Dept. of Public Safety</u>, 2012 WL 3990195, at *2 (D.Mass. Sept. 5, 2012) (quoting 28 U.S.C. § 1915(e)(1)). In order to obtain appointed counsel, "an indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel." <u>Cookish v. Cunningham</u>, 787 F.2d 1, 2 (1st Cir. 1986); see also <u>United States v. Mala</u>, 7 F.3d 1058, 1063-1064 (1st Cir. 1993)

The circumstances in the case at bar do not warrant exercising this court's discretion to appoint counsel. Notably,

neither the facts nor the law is sufficiently complex to warrant appointment of counsel.  Respondent Kelly Ryan ("respondent") has moved to dismiss the petition as untimely and outlined the applicable law in detail.  (Docket Entry # 29).  Petitioner is familiar with the procedural facts, which involve his filings in state court, and respondent also sets out the various filings and relevant facts in the supporting memorandum.  (Docket Entry # 29).

## CONCLUSION

Accordingly, the renewed motion for appointment of counsel (Docket Entry # 57) is **DENIED** without prejudice.


      /s/ Marianne B. Bowler  
**MARIANNE B. BOWLER**  
United States Magistrate Judge